## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Zola Ngcobo<br>          **Plaintiff**<br><br>**V.**<br><br><br><br>**Companions & Homemakers, Inc. and**<br>**Linda Grigerek**<br>          **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.:**<br><br><br><br><br><br>**SEPTEMBER 28, 2020** |

## COMPLAINT

### I.    INTRODUCTION

1.      Employers of home health aids, a/k/a caregivers must accurately record all hours worked, even night-time interruptions caused when their clients need assistance in the night and meals that they work through.  29 C.F.R. Sec. 552.110(b).  Finally, employers must abide by the agreements they make and must pay all wages they have agreed to pay to their employees.

2.      Here, Defendants failed to accurately record all hours worked by Plaintiff.  Plaintiff was frequently interrupted during the night and failed to get at least 5 hours of uninterrupted sleep time.  He was also unable to have his required 3 one-hour uninterrupted meal breaks.

3.      Nevertheless, Defendants assumed that Plaintiff had 8 hours of uninterrupted sleep time and took his 3 full one-hour meal breaks (29 C.F.R. Sec. 552.102) and failed to pay him for this time. Defendants also failed to pay Plaintiff in accordance with the agreement they struck to pay an extra 6 hours per day of

1

wages for caring for a second client in the home.  As a result, Defendants kept thousands of dollars in wages that it should have paid to Plaintiff, all in violation of state and federal wage and hour laws.

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.    This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 since they are so related to her FLSA claims that they form part of the same case or controversy.

6.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## III.    THE PARTIES

7.    Plaintiff is an individual residing Waterbury, Connecticut.  He worked as) for Defendants from approximately October 2016 to May 2020.

8.    Companions and Homemakers, Inc. is a corporation organized and existing under the laws of the state of Connecticut.  Its principal place of business is located at 613 New Britain Avenue, Farmington, Connecticut.

9.    Linda Grigerek is the President and owner of Companions and Homemakers, Inc. She is the "ultimate responsible authority" and the cause of the legal violations alleged herein.

2

10.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff within the meaning of the FLSA.

12.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

## IV.     LEGAL PRINCIPLES

13.     Employers must pay overtime to their non-exempt workers when they work more than 40 hours in a workweek. 29 U.S.C. Sec. 201, *et seq.*; C.G.S. Sec. 31-58, *et seq.*

14.     Employers have a non-delegable duty to accurately record and pay for all time worked by their employees. 29 C.F.R. Sec. 552.110(b).

15.     Employers of live-in home health aides must ensure that they get at least five hours of uninterrupted sleep time each night during their eight hour sleep period, otherwise the employer must pay for the entire eight hour sleep period. 29 C.F.R. Sec. 785.22 and 29 C.F.R. Sec. 552.102.

16.     Employers must pay wages during an employee's meal breaks if the employee's meal-time is spent predominantly for the benefit of the employer. *Reich v. S. New Eng. Telecomms. Corp.,* 121 F.3d 58, 64 (2d Cir.1997); 29 C.F.R. Sec. 785.19 and 29 C.F.R. Sec. Sec. 525.102.

## V.    FACTS

17.    Defendants hired Plaintiff to work as a live-in caregiver in approximately October of 2016.

18.    Defendants assign Plaintiff non-exempt duties including: activities of daily living, including cooking for and serving breakfast, lunch and dinner to customer; bathing customer as needed; assisting customer change clothing and underwear/diaper during the day and night as needed; helping customer put on and take off customer's clothes every day; sitting with customer and watch customer eat food and watch television and; physically watching over customer at all times and remaining within eye and earshot of customer, including placing an electronic monitoring device in customer's room to monitor to customer at all times including at nighttime; assisting customer with incontinence; assisting customer with personal hygiene; assisting customer with taking medication and; escorting customer for medical appointments.

19.    In October 2018, Defendants asked Plaintiff to provide caregiver services for a second person in the same home that he was working, namely the wife of the man that he had been caring for.  Defendant agreed to pay Plaintiff an extra 6 hours per day of wages for the extra work that this assignment would require.

20.    Defendants paid Plaintiff this extra pay until approximately January 2019. When Plaintiff inquired why the extra pay had stopped, he was told that the company was looking into the issue and would get back to him.  They never got back to him and never again paid him the extra six hours of pay that they

4

promised him, despite the fact that Plaintiff continued to provide care to both persons.

21.     During his employment, Defendants informed Plaintiff that he was allowed eight hours of sleep time and three one-hour meal breaks per day. This schedule resulted in a minimum of thirteen hours per day of work, (91 hours) 51 of which was overtime.

22.     Defendants paid Plaintiff a flat daily rate of $160 for his work and did not pay overtime premiums as required by 29 C.F.R. 778.112.

23.     After January of 2019, Defendants failed to pay this overtime in accordance with their agreement.

24.     In addition, Defendants failed to accurately record all of Plaintiff's work time, including interruptions during her sleep and meal breaks.

25.     In fact, Plaintiff was frequently interrupted during his sleep breeks to care for Defendants' clients. Defendants' clients frequently needed to be attended to during the night for such reasons as trips to the bathroom, dementia, insomnia, to monitor clients' medical device such as a ventilator or breathing machine with its oxygen tank, or if a client is in hospice, to turn them over every two hours to prevent bed sores. Plaintiff even had a monitor set up in his room so that he could hear if the clients needed assistance during the night.

26.     Defendants' clients interrupted Plaintiff so frequently that he was unable to have at least five hours of uninterrupted sleep time per night.

27.     Plaintiff never had uninterrupted meal breaks.

28.     Defendants were aware of these meal break and sleep

interruptions. But Defendants never took any steps to accurately record all hours

worked by Plaintiff.

29.     Defendants failed to post or keep posted a notice explaining the

minimum wages and overtime pay rights provided by the FLSA in any area

where Plaintiff was employed, in violation of C.F.R. § 516.4.

30.     As a result, Defendants knowingly and willfully failed to pay Plaintiff

the full wages that he was due and instead retained those wages for their own

use and benefit.

## VIII.   LEGAL CLAIMS

**COUNT ONE:        VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21
                    U.S.C. Section 201, *et seq.* against Defendant
                    Companions and Homemakers, Inc.**

31.     Based on the foregoing, Defendant Companions and Homemakers,

Inc.'s conduct in this regard was a willful violation of the Fair Labor Standards

Act, 29 U.S.C. §§ 201 *et seq.*

32.     Defendants are liable to Plaintiff for compensation for all overtime

hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT TWO:        VIOLATION OF THE CONNECTICUT WAGE ACT,
                    C.G.S. Section 31-58, *et seq.* against Defendant
                    Companions and Homemakers, Inc.**

33.     Based on the foregoing, Defendant Companions and Homemakers,

Inc.'s conduct in this regard was a violation of the Connecticut Wage Act, C.G.S.

§§ 31-58, *et seq.*

34.     Accordingly, Defendant is liable to Plaintiff for compensation for all

overtime hours worked, penalty damages, attorneys' fees and court costs.

**COUNT THREE:     VIOLATION OF THE FAIR LABOR STANDARDS ACT, 21 U.S.C. Section 201, *et seq.* against Defendant Linda Grigerek**

35.     Based on the foregoing, Defendant Linda Grigerek's conduct in this

regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et*

*seq.*

36.     Accordingly, Defendant Grigerek is liable to Plaintiff for

compensation for all overtime hours worked, liquidated damages, attorneys' fees

and court costs.

**COUNT FOUR:     VIOLATION OF THE CONNECTICUT WAGE ACT, C.G.S. Section 31-58, *et seq.* against Defendant Linda Grigerek**

37.     Based on the foregoing, Defendant Linda Grigerek's conduct in this

regard was a violation of the Connecticut Wage Act, C.G.S. §§ 31-58, *et seq.*

38.     Accordingly, Defendant Grigerek is liable to Plaintiff for

compensation for all overtime hours worked, penalty damages, attorneys' fees

and court costs.

## DEMAND FOR RELIEF

Plaintiff claims:

a. An award of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

b. An award of unpaid overtime wages under the Connecticut Wage Act, C.G.S. § 31-68;

c. An award of liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

d. An award of penalty damages under Connecticut Wage Act, C.G.S. § 31-68;

e. Attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

h. Attorneys' fees under the Connecticut Wage Act, C.G.S. § 31-68;

i. Interests and costs;

k. Trial by jury for all issues so triable; and

l. Such other relief as in law or equity may pertain.

Plaintiff, Zola Ncgobo,

By: _____

Richard E. Hayber
Hayber McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Fed. Bar No.: ct11629
(860) 522-8888 telephone
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com